### Ex Parte Harve Wells.

#### No. 2584.   Decided May 20, 1903.

**Speedy Trial—Right To.**

The constitutional right of a defendant to a speedy trial is a valuable one; and where defendant had waived a special venire, in a rape case, it was error for the court to continue the case for a special venire, over defendant's protest and demand for a trial, there being no other sufficient reason for the continuance.

Appeal from the District Court of Collin.   Tried below before Hon. J. M. Pearson.

Appeal from a judgment remanding applicant to custody on a proceeding by habeas corpus.

The opinion states the facts on the hearing for habeas corpus.

*Abernathy & Abernathy,* for relator, cited Rutherford v. State, 16 Texas Crim. App., 651; Cooley's Const. Lim., 5 ed., 379; Nixon v. State, 2 Smed. & Marsh., 497; Ex parte Capels, 58 Miss., 358; Ex parte Stanley, 4 Nev., 113; United States v. Cox, 3 Mont., 512.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant sued out a writ of habeas corpus before the District Court of Collin County, and upon the hearing of the application his bond was reduced to the sum of $200, and he was remanded to the custody of the sheriff.   Appellant insists that he has been deprived of the constitutional right of a speedy trial, and hence is entitled to be released from custody.

By bill of exceptions the following is shown:   That the indictment was presented, and appellant tried and convicted; and on appeal the cause was reversed by the Court of Criminal Appeals, on February 19, 1902, and on May 13, 1902, the mandate was filed in the District Court of Collin County.   On November 10, 1902, the case was called for trial, and the State continued the case for the absence of P. H. Cantrell and Jennie Cantrell and W. J. Land.   The diligence to that term was the issuance of a subpoena to the sheriff of Fannin County, dated October 7, 1902, and the return of the sheriff of Fannin County was as follows: "Neither Cantrell nor Land are to be found in Fannin County.   P. H. Cantrell and Jennie Cantrell have moved to the Indian Territory, and W. J. Land to western Texas."   Neither Cantrell nor Land was present to testify on the trial.   The term of court began September 29, 1902,

but over the protest and exception of defendant, the cause was continued by the State. After the present term of the court began, on March 2, 1903, and on Apirl 8, the State by its counsel sued ont an attachment for the witnesses P. H. Cantrell, Jennie Cantrell and W. J. Land, which subpoenas have not been returned. That at the first day of the term the cause was set for trial of April 13, and on that day the State announced not ready for trial, and asked a postponement until the morning od the 14th of April, when the cause was again called, and the State by its counsel made the following application for continuance, which was by the court overruled on the ground that there was no sufficient diligence shown. And after State's counsel, in reply to the court, had stated that they had no knowledge of where the witnesses were; and on the ground that, from the mandate and statement of facts, the story of the rape was improbable, and defendant thereupon said he was ready; and the State's counsel stated to the court, that he would be compelled to dismiss the case if forced to trial, whereupon State's counsel stated that he would retire to his office and prepare the motion to dismiss; and said counsel returned and stated to the court that there was no special venire summoned or drawn, which was true, but the attention of the presiding judge had been called to the ordering of a venire by State, but had failed to order one drawn, and defendant had not asked for one. Thereupon State's counsel renewed his motion to continue, and defendant asking an immediate trial, and asking for a trial. The court overruled the application of defendant for a trial and overruled the application of defendant to set the case for a later day of the term, and the court continued the case, and defendant was then and there surrendered by his bondsmen, and the court, notwithstanding the protest of defendant, continued the case and refused to try defendant with the jury then in attendance on the court, though the application of the defendant had been overruled and defendant had announced ready, and was demanding a trial." The constitutional right of a speedy trial is a valuable one, and a citizen of this State should not, under any circumstances, be deprived thereof. In or opinion the court erred in continuing the case at the last term of the court. It appears from the above statement of the facts that appellant waived the venire; and it is further made to appear that the witnesses in all probability will not be secured by a postponement of the case. A similar question to the one under consideration was before us in Tittle v. State, 37 Texas Crim. Ren., 597. We there fixed the bond of relator at the sum of $100, and stated, "If relator is unable to give the bond before, or on, the 11th of June, 1897, and the State is not then ready for trial, it is further ordered that relator be then released from custody upon his personal recognizance." In this case we fix the bond of relator at the sum of $100; and it is further ordered, if appellant is not tried at the next term of the district court that he be discharged. The judgment is reversed and bail fixed at the sum of $100.

*Reversed and bail allowed.*